David M. SALEWSKE; Sharon
L. Salewske, Plaintiffs–
Appellants,

v.

CITIBANK, NA, as trustee for the Hold-
ers of Bear Stearns Alt–A Trust, 2006–
6 Mortgage Pass–Through Certifi-
cates, Series 2006–6, Defendant–Appel-
lee.

No. 13–1120.

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2013.

BEFORE: COOK, GRIFFIN, and
KETHLEDGE, Circuit Judges.

GRIFFIN, Circuit Judge.

This is a residential foreclosure avoid-
ance case involving a foreclosure by adver-
tisement that has been pending in Michi-
gan for over a year. Plaintiffs David and
Sharon Salewske argued below that defen-
dant Citibank the entity that owns both
their note and mortgage had no authority
to foreclose on their mortgage because
they were not "the party foreclosing the
mortgage" under M.C.L. § 600.3204(3).
Plaintiffs believed that their loan servicer,
nonparty Bank of America who owns no
interest in their note or mortgage was the
actual "party foreclosing the mortgage"
because *Bank of America* threatened fore-

closure, *Bank of America* provided re-
quired notices under M.C.L. § 600.3205a,
and *Bank of America* published notices of
the foreclosure sale. Therefore, plaintiffs
concluded, the attempted foreclosure by
advertisement was void ab initio because
the foreclosing party held neither their
note nor mortgage. The district court re-
jected plaintiffs' claim and dismissed their
complaint under Federal Rule of Civil Pro-
cedure 12(b)(6).[1] We likewise find plain-
tiffs' position meritless and therefore af-
firm.

I.

This court reviews de novo a district
court's order dismissing a claim under
Rule 12(b)(6). *Glazer v. Chase Home Fin.
LLC*, 704 F.3d 453, 457 (6th Cir.2013). In
doing so, we accept all well-pled factual
allegations as true and determine whether
they plausibly state a claim for relief.
*Roberts v. Hamer*, 655 F.3d 578, 581 (6th
Cir.2011). The plausibility analysis is a
"context-specific task that requires the re-
viewing court to draw on its judicial expe-
rience and common sense." *Ashcroft v.
Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937,
173 L.Ed.2d 868 (2009).

II.

Plaintiffs' claim that Bank of America is
"the party foreclosing the mortgage" un-
der M.C.L. § 600.3204(3) is facially im-
plausible. The district court correctly
noted that plaintiffs' claim is wholly incon-
sistent with their position in state court.
If plaintiffs honestly believed that their
loan servicer was the actual foreclosing
party, then they would have filed suit
against Bank of America challenging the
propriety of the foreclosure process.

---

1. The district court also dismissed a variety of related federal and state law claims. In this appeal, however, plaintiffs challenge only the dismissal of the claim that Bank of America is the foreclosing party.

They did not. Instead, they filed suit against Citibank and obtained a temporary restraining order that enjoined Citibank from conducting a foreclosure sale.[2] That plaintiffs named Citibank as a defendant and only Citibank is not surprising because the notice of the foreclosure sale identified *Citibank* as the foreclosing mortgagee, *Citibank* as the party who has recorded its interest in the property in the land records, and *Citibank* as the party to whom the debt is owed.

Moreover, we note that plaintiffs' claim that Bank of America is the foreclosing party is wholly inconsistent with their own complaint. Under the first count, entitled "Wrongful Foreclosure: MCL 600.3204(3)," paragraph fifteen unambiguously states, "Citibank is the foreclosing party." Despite this averment, plaintiffs argued in response to Citibank's motion to dismiss that Bank of America is the foreclosing party, not Citibank. Plaintiffs have not sought to amend their complaint and continue to assert that Bank of America is the foreclosing party.

Plaintiffs' position betrays their own pleadings and defies common sense. Although their loan servicer certainly facilitated the foreclosure process, plaintiffs' litigation strategy, the undisputed chain of title, and the undisputed content of the foreclosure notices compel the conclusion that Citibank is the foreclosing mortgagee and, thus, the "party foreclosing the mortgage" under M.C.L. § 600.3204(3). Accordingly, there is no reasonable likelihood that plaintiffs can construct a viable claim that Bank of America is the foreclosing party from the facts pled in their complaint. *See Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 558, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To the contrary, their complaint pleads exactly the opposite.

### III.

For these reasons, we affirm the judgment of the district court.

---

**2.** The temporary restraining order has expired since Citibank removed plaintiffs' complaint to the district court on June 13, 2012, and the foreclosure sale has been adjourned on a week-to-week basis during the pendency of this action.